DAVIS VANSTON

V.

ALÉXANDER DAVIDSON AND JOHN A. DAVIDSON, CO-PARTNERS.

*Creditors' Bills—Fraudulent Conveyance—Father to Son—Future Support.*

1. Where the grantee pays a valuable consideration for certain property, if a part of the consideration is an undertaking and promise by the grantee to support and take care of the grantor, such an agreement renders the transfer void, the grantor by such conveyance rendering himself unable to meet his legal obligations.

2. In the case presented, this court holds, in view of the evidence, that proof that the grantor in question was insolvent at the end of three months after the conveyance to his son, was *prima facie* evidence that he was insolvent immediately after the deed was executed, and declines to interfere with the decree for the complainants.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Ogle County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Mr. FRANO BACON, for appellant.

Messrs. GUILFORD McDAID and E. A. RAY, for appellees.

Vanston v. Davidson.

LACEY, P. J.    This was a creditors' bill brought by appellees against appellant to set aside a conveyance of real estate from John Vanston to appellant, and subject the said realty to be sold to satisfy a judgment against T. Bowler and John Vanston, for marble sold to Bowler in 1889, and guaranteed by John Vanston for $102.67.    Execution was issued upon the judgment and Bowler found to be insolvent.    The debt was contracted in May, 1889, and the deed sought to be set aside bears date November 22, 1889.    The deed contained the following defeasance, to wit:

" This deed is made upon the express condition that the said grantee shall pay to the  said grantor on October 1st of each year, during the natural life of the said grantor, the sum of $150; that upon the failure of the said grantee to pay the sum promptly on  or before the  precise day heretofore mentioned for the payment of the same, the grantor shall have the right at his option to  at once resume the possession of the premises, and all title thereinbefore granted shall in that case revert to the said grantor."    Upon answers being filed, the cause was referred to the master, who in his findings reported to the court that the conveyance was in consideration of love and affection, and one dollar from John Vanston to appellant, his son, with the clause in  it above stated, and reported the facts of the judgment execution, etc., as stated in  the bill. Farther, that John Vanston stated in March, 1890, to the sheriff, who was trying to collect the execution on the above judgment, that he had no property, and what he had had he had given to his son; also that the constable failed to find any property of John Vanston between December 14, 1889, and January 3, 1890; also that the effect of the conveyance was to hinder and delay appellees in the collection of their judgment, and that the said Vanston did not retain sufficient property at the time of making the deed to pay the debts he then owed.

Upon overruling the appellant's exceptions to the master's report, the court entered a decree sustaining the master's report setting aside the deed of November 22, 1889; ordering that upon a failure of some one of the defendants to pay the complainant's debt, interest and costs, the lands described in

the bill be sold, complainants to pay part of the costs before the master. From this decree this appeal is taken. We are of the opinion that the proof sustains the master's report, and that the objection to the decree on the grounds of the want of proof, is not well taken, and that the court was justified in sustaining it. We will not take up time in a canvass of the evidence. The conveyance in itself was voluntary and its effect was to hinder and delay the creditors of John Vanston, existing at that time, and that the agreement to pay $150 per year to John Vanston, while a sufficient consideration to support the deed, it was not good as against existing creditors of the grantor. Even where the grantee pays a valuable consideration, if a part of the consideration is an undertaking and promise by the grantee to support and take care of the grantor, such an agreement renders the transfer void as to the then existing creditors of the grantor. Gordon et al. v. Reynolds, 114 Ill. 118.

We think the proof as it appears in the record, of the fact that John Vanston was insolvent at the end of three months after the conveyance to his son, was *prima facie* evidence that he was insolvent at the time he made the deed, immediately after the deed was executed. We find this doctrine sustained in Harting v. Jockers et al., 27 N. E. Rep. 188.

Seeing no error in the record, the decree of the court below is affirmed.

*Decree affirmed.*

Judge CARTWRIGHT, having tried the case in the court below, took no part in the decision here.